UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

MARY SANDERS                                                                                              Plaintiff

v.                                                                                   Civil Action No. 3:21-cv-75-RGJ

DELBERT ELZY AND HARTFORD                                                                             Defendants
ACCIDENT & INDEMNITY COMPANY

\* \* \* \* \*

**OPINION AND ORDER**

This matter is before the Court on numerous motions by the parties. Defendants Delbert Elzy ("Elzy") and Hartford Accident and Indemnity Company ("Hartford") each move for summary judgment [DE 19; DE 20]. Hartford also moves to substitute a party. [DE 35]. Plaintiff Mary Sanders ("Sanders") moves for leave to supplement expert disclosures [DE 22], and "Leave to Revive Action, Substitute Estate and file Amended Complaint" [DE 34]. Responses and replies were filed. [DE 23, 24, 25, 26, 27, 28, 36, 41]. These matters are ripe. For the reasons below, the Court **DENIES** Defendants' Motions for Summary Judgment [DE 19; DE 20], **GRANTS** Sanders' Motion for Leave to Supplement Expert Disclosures [DE 22] and Motion for Leave to Revive Action [DE 34], and **GRANTS** Hartford's Motion to Substitute Party [DE 35].

I.      BACKGROUND

This case involves a vehicle accident on January 27, 2019. [DE 19-1]. Sanders' vehicle was struck by a vehicle driven by Elzy, who admits he was solely at fault for the crash. [DE 19-1 at 84]. Sanders sued Elzy and Hartford in Jefferson Circuit Court. [DE 1-1]. The case was removed to this court based on diversity jurisdiction. [DE 1]. Sanders alleges that Elzy negligently operated his motor vehicle causing it to collide with her vehicle. [DE 1-1 at 5]. As a direct and proximate result of the collision, she alleges that she was injured, incurred medical expenses, and will

1

continue to incur medical expenses. [DE 1-1 at 5]. Sanders was a named insured under a Hartford insurance policy that contained an underinsured policy provision. [DE 1-1 at 5]. Sanders sued Elzy for negligence and damages for her injuries and Hartford for sums that exceed the insurance coverage (underinsured motorist coverage) provided by Elzy. [DE 1-1 at 5-6].

Before the car crash, Sanders had back surgeries in 2011, 2012, and 2015. [DE25 at 196]. These surgeries were performed by Dr. Kimathi Doss. *Id*. After the 2015 surgery, Sanders started having back pain and had loosening of one of the top screws inserted into her spine during the 2015 surgery. *Id*. Sanders claims the "screw, while loose, was dormant, [and] [t]here were no plans for surgery until the automobile crash . . ." [DE 25 at 196].

After this case was removed, Sanders listed her treating physicians[1] as witnesses in her discovery responses on April 15, 2021. [DE 25 at 197]. The parties mediated the case on July 7, 2021 and deposed Dr. Doss at the end of October 2021. *Id*. Pursuant to the scheduling order and in accordance with Rule 26(a)(2), expert disclosures were due by November 1, 2021. [DE 10 at 68]. The parties deposed Dr. Frank on December 9, 2021.

Only causation and damages are at issue since Elzy has admitted to liability. Elzy and Hartford move for summary judgment arguing that because Sanders failed to disclose an expert to testify on causation of her injuries and reasonableness of her medical expenses by the November 1, 2021, deadline, her claims fail as a matter of law. [DE 19, DE 20]. Sanders moves to supplement her expert disclosures of her treating physicians, which is opposed by Elzy and Hartford. [DE 22]. Elzy died during this litigation and both Sanders and Hartford seek to substitute the personal representative of Elzy's estate as defendant, which Elzy opposes. [DE 34; DE 35].

---

[1] The treating physicians listed are Andrew Rochet, Jeffrey Frank, Michael P. Good, Dustin Clem, Kimathi Doss, Bill Haney, Marco Louisse, Mark Bazant, Benjamin Sanders, and Ryan Bielefeld.

## II. DISCUSSION

Because Elzy's and Hartford's motions for summary judgment depend on the resolution of Sanders' motion for leave to supplement disclosures out of time, the Court must first analyze the motion concerning late disclosure.

1. *Motion to Supplement Expert Disclosure [DE 22]*

Federal Rule of Civil Procedure 26(a)(2) requires that parties disclose the identity of any expert witness they intend to use at trial. Expert disclosures "eliminate 'unfair surprise to the opposing party.'" *City of Owensboro v. Ky. Utilities Co.*, No. 4:04-CV-87-M, 2008 WL 4642262, at *3 (W.D. Ky. Oct. 14, 2008) (quoting *Muldrow ex rel. Muldrow v. Re-Direct, Inc.*, 493 F.3d 160, 167 (D.C. Cir. 2007). Experts who are "retained or specially employed to provide expert testimony in the case" must provide a report containing "a complete statement of all opinions the witness will express and the basis and reasons for them." Fed. R. Civ. P. 26(a)(2)(B).[2]

---

[2] To comply with the requirements of Rule 26(a)(2)(B), a report must contain:
    (i) a complete statement of all opinions the witness will express and the basis and reasons for them;
    (ii) the facts or data considered by the witness in forming them;
    (iii) any exhibits that will be used to summarize or support them;
    (iv) the witness's qualifications, including a list of all publications authored in the previous 10 years;
    (v) a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition; and
    (vi) a statement of the compensation to be paid for the study and testimony in the case.

Fed. R. Civ. P. 26(a)(2)(B)(i)-(vi). The case list in subsection (v) "must include, at a minimum, the courts in which the testimony occurred, the names of the parties and the case numbers, and must indicate whether the testimony was given at deposition or at trial." *Ater v. Follrod*, No. 2:00-cv-934, 2004 U.S. Dist. LEXIS 31587, at *3 (S.D. Ohio Nov. 10, 2004) (citing *Coleman v. Dydula*, 190 F.R.D. 316, 318 (W.D.N.Y. 1999)).

Rule 26(a)(2)(C) [3] establishes the disclosure requirements for expert witnesses who are not required to provide a written report. Under Rule 26(a)(2)(C), a disclosure must report the "(i) the subject matter on which the witness is expected to present evidence under Federal Rule of Evidence 702, 703, or 705; and (ii) a summary of the facts and opinions to which the witness is expected to testify." Rule 26(a)(2)(C) was "added to mandate summary disclosures of the opinions . . . and of the facts supporting those opinions." Fed. R. Civ. P. 26(a)(2)(C) advisory committee's note to 2010 amendment. This Rule cautions courts against requiring "undue detail." *Id.*; *see also Little Hocking Water Ass'n, Inc. v. E.I. DuPont de Nemours & Co.*, No. 2:09-cv-1081, 2015 WL 1105840, at *6 (S.D. Ohio Mar. 11, 2015) ("Rule 26(a)(2)(C) disclosures must state nothing more than the 'subject matter' and 'a summary of the facts and opinions to which the witness is expected to testify,' and … such summaries of facts and opinions do not require 'undue detail.' ").

Because new information can be acquired after parties make their initial expert disclosures, Rule 26(e) permits parties to supplement those disclosures. Supplemental disclosures must be made "in a timely manner" if a party learns that its initial disclosure "is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing." Fed. R. Civ. P. 26(e)(1)(A). The only other way for a party to supplement its initial disclosure is by court order. Fed. R. Civ. P. 26(e)(1)(B).

The first question is whether Sanders' disclosure of her treating physicians in her initial disclosures and discovery responses met the requirements for expert disclosures that do not require

---

[3] Rule 26(a)(2) governs the disclosure of expert testimony. Experts and their expert testimony can fall under one of two subsections of Rule 26(a)(2)—Subsection B governs experts retained or employed specially to provide testimony and Subsection C governs experts that are not. Experts falling within Subsection B are subject to more extensive disclosure requirements, that is, they must provide a written report to accompany their initial disclosure. Fed. R. Civ. P. 26(a)(2)(C) advisory committee's note to 2010 amendment. The parties do not argue that Sanders' treating physicians have been retained or employed specially such that they would require a written report under Rule 26(a)(2)(B). The Court starts its analysis below with Rule 26(a)(2)(C).

a full report under Rule 26(a)(2)(C). Sanders states and Defendants do not dispute she that she identified her physicians in her initial disclosures as "persons who would testify and that they had treated Plaintiff." [DE 25 at 201; DE 19-3 Initial Disclosures]. Sanders states in response a discovery request about her trial experts that she had not retained any experts "except my treating physicians." [DE 19-4 at 117]. These disclosures do not meet the requirements of Rule 26(a)(2)(C). As noted above, although witnesses that fall under this rule do not have to disclose a written report, they must at a minimum summarize the facts and opinions to which the witness is expected to testify. As noted by the Advisory Committee notes to Rule 26, this summary does not have to include undue detail. But that these physicians had treated Sanders and that they would be experts at trial is not enough to satisfy the rule.

Sanders presents a supplemental disclosure attached to her motion [DE 22-1] that does elaborate on the physicians and the topics on which they are expected to testify. These summaries meet Rule 26(a)(2)(C). For instance, Sanders states that "Dr. Doss has testified in his deposition and based on his knowledge of the healthcare field, and Mary Sanders' medical history prior to the accident, that her back surgery after the automobile accident was related to the automobile accident." [DE 22-1 at 178-79]. This is an adequate summary of the facts and opinions on which Dr. Doss is expected to testify and as discussed below, cures the deficiency in the prior disclosure. The disclosures also identify that these witnesses may testify about the reasonableness of the medical charges at issue.[4] This supplement was provided to the parties November 18, 2021, a little over two weeks after the expert disclosure deadline.

---

[4] Treating physicians may testify as to the reasonableness of medical expenses. *Almon v. Bullock*, No. 2019-CA-001232-MR, 2020 WL 4507337, at *6 (Ky. Ct. App. July 17, 2020); *Am. States Ins. Co. v. Audubon Country Club,* 650 S.W.2d 252, 254 (Ky. 1983).

The requirements set forth in Rule 26 are mandatory, and "Fed. R. Civ. P. 37(c)(1) requires absolute compliance with Rule 26(a)" so "'a trial court [must] punish a party for discovery violations in connection with Rule 26 unless the violation was harmless or is substantially justified.'" *Roberts v. Galen of Va., Inc.*, 325 F.3d 776, 782 (6th Cir. 2003) (quoting *Vance v. United States*, 1999 U.S. App. LEXIS 14943, at *3 (6th Cir. 1999)).[5] The Sixth Circuit has adopted a five-factor test to determine whether a deficiency should be excused as harmless or substantially justified:

> (1) the surprise to the party against whom the evidence would be offered; (2) the ability of that party to cure the surprise; (3) the extent to which allowing the evidence would disrupt the trial; (4) the importance of the evidence; and (5) the nondisclosing party's explanation for its failure to disclose the evidence.

*Howe v. City of Akron*, 801 F.3d 718, 748 (6th Cir. 2018). The burden is "on the potentially sanctioned party to prove harmlessness." *Roberts*, 325 F.3d at 782.

Thus the question, considering the above factors, is whether Sanders' supplemental disclosure, which was made over two weeks after the expert deadline, should be excused as harmless or substantially justified.

First, the Court looks to the surprise to Elzy and Hartford. Sanders identified her treating physicians in her as part of her responses to discovery on April 15, 2021 and the medical records from those physicians were produced at that time as well. [DE 22-2 at 182]. Elzy filed a joint status report with the Court on June 3, 2021 that the parties had scheduled mediation, exchanged the necessary written discovery and medical records and that "[t]he Plaintiff will attempt to get the

---

[5] Fed. R. Civ. P. 37(c)(1) provides: "If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless. In addition to or instead of this sanction, the court, on motion and after giving an opportunity to be heard: (A) may order payment of the reasonable expenses, including attorney's fees, caused by the failure; (B) may inform the jury of the party's failure; and (C) may impose other appropriate sanctions, including any of the order listed in Rule 37 (b)(2)(A)(i)-(vi)."

necessary reports from her medical experts prior to the Mediation." [DE 73]. On July 8, 2021, Elzy filed a joint status report with the Court informing that mediation failed and that "Plaintiff will be scheduling the trial deposition of Dr. Kimathi Doss in the near future to facilitate further evaluation of this case. The parties may seek additional assistance from [the mediator] once Dr. Doss' trial testimony is taken." [DE 13]. Emails between counsel for Elzy and Sanders from August 10, 2021, confirm the parties were working to schedule trial depositions of both Dr. Doss and Dr. Frank. [DE 25-1]. Dr. Doss's trial testimony was taken near the end of October 2021, four days before the November 1 expert disclosure deadline. [DE 22 at 174]. Counsel for Elzy questioned Dr. Doss on his opinion as to whether the accident caused the need for the post-accident surgery. [DE 19-2 at 100]. On November 1, Sanders did not file expert disclosures. Two days later, on November 3, Elzy moved for summary judgment because expert disclosures were not made. Sanders' motion to supplement, which attached her supplemental disclosure, was filed on November 18, a little over two weeks after the deadline. Dr. Franks' deposition was scheduled for December 9, 2021. [DE 22-2 at 183]. The Court finds little surprise. Based on the timeline of events and information filed by the parties, the disclosure of Sanders' treating physicians as experts, including Dr. Doss and Dr. Franks, was no surprise. This factor favors Sanders.

      Second, the Court looks to the ability of Sanders to cure the surprise. Even assuming there was surprise, it was quickly cured by Sanders' supplemental disclosure that was made a little over two weeks after the November 1 deadline. Thus Defendants' had the supplemental disclosure before Dr. Doss's deposition on December 9. And neither Defendant argue they would need to re-depose Dr. Doss or conduct additional discovery as to any of these physicians. This factor favors Sanders.

Third, the Court looks to the extent to which allowing the evidence would disrupt the trial. Both of the physicians at issue have been deposed and the parties are not asking for an extension of discovery. [DE 33]. This factor favors Sanders.

For the fourth factor, the Court looks to the importance of the evidence. This evidence is critical to Sanders' case. "The more important the proof, the greater the effect of preclusion, but also the greater the harm in tardy disclosure." *EQT Prod. Co. v. Magnum Hunter Prod., Inc.*, No. 5:16-cv-150, 2017 WL 2295906, at *5 (E.D. Ky. May 25, 2017) (cataloguing and comparing cases). "Regardless, importance 'cannot, by itself, save improperly disclosed evidence from being found unjustified or non-harmless.' " *Id.* (quoting *Samsung Elecs. Co., Ltd. v. Nvidia Corp.*, 314 F.R.D. 190, 197 n.6 (E.D. Va. 2016)). Importance of the proof cuts both ways, and the Court finds this factor neutral.

Finally, the Court looks to the Plaintiff's explanation for its failure to disclose the evidence. Sanders' counsel mistakenly believed that a treating physician was treated as an expert witness only when testifying "beyond the part of the body they had treated or contemplated treating on their patient." [DE 22 at 182]. "[T]he heart of Rule 37(c)(1) [is] separating 'honest,' harmless mistakes from the type of 'underhanded gamesmanship' that warrants the harsh remedy of exclusion." *Bentley v. Highlands Hosp. Corp.*, No. CV 15-97-ART-EBA, 2016 WL 5867496, at *10 (E.D. Ky. Oct. 6, 2016). There is no evidence that Sanders sought to conceal her experts' identities or their opinions for tactical advantage or that she has deliberately violated the Court's deadline. She disclosed her treating physicians in discovery and the parties recognized in their status report to the Court that Plaintiff would be attempting to get reports from her "medical experts" before mediation, after which the parties were scheduling the trial depositions of Dr. Doss and Dr. Frank. Dr. Doss was deposed before the expert disclosure deadline and Dr. Frank was

8

deposed shortly after the expert disclosure and after Defendants received the supplemental disclosure. Two days after the expert disclosure deadline, rather than bring the disclosure deficiency to Sanders' attention, Elzy moved for summary judgment. Sanders quickly then moved to supplement, which included supplemental disclosures of her treating physicians. This was not a situation of tactical gamesmanship designed to leave Defendants with little opportunity to depose Sanders' experts and prepare for trial.[6] Instead, it was caused by counsel's failure to review Rule 26. This factor favors Sanders.

For these reasons, the Court finds Sanders' late expert disclosures harmless. Sanders' motion to supplement is GRANTED. The Court cautions counsel for Sanders that although this was an honest mistake, had it caused incurable surprise to the Defendants, the Court would not have found the mistake harmless.

2. *Motions for Summary Judgment [DE 19, DE 20]*

Both Elzy and Hartford move for summary judgment. Summary judgment is required when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party bears the burden of specifying the basis for its motion and showing the lack of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). Once the moving party satisfies this burden, the non-moving party must produce specific facts showing a material issue of fact for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48 (1986). "Factual differences are not considered material unless the differences are such that a reasonable jury could find for the party contesting the summary

---

[6] The timeline of events reveal the opposite. Had Elzy truly been concerned with disclosure of Sanders' experts, he would have brought the deficiency to Sanders' attention rather than immediately moving for summary judgment two days after the deadline. After the parties' mediation, which was months before the expert deadline, Elzy was already working to schedule the depositions of Dr. Doss, which occurred before the deadline, and the deposition of Dr. Franks, which occurred a little over a month later.

judgment motion." *Bell v. City of E. Cleveland*, 125 F.3d 855 (6th Cir. 1997) (citing *Liberty Lobby*, 477 U.S. at 252).

The parties seem to agree the main issue is whether Sanders' injuries were caused by the collision. Both Defendants argue that because of Sanders' medical history before the collision, she must have an expert opine on causation of her injuries. Elzy also argues Sanders cannot prove the reasonableness of her medical expenses because she did not designate an expert on this issue. Defendants argue that because Sanders disclosed no experts by the deadline set forth in this Court's scheduling order, her claims must fail. [DE 19, DE 20]. As discussed above, Sanders' late supplement of expert disclosures cured the deficiencies in her previous disclosure, was harmless, and is thus permitted. Because Sanders has adequately disclosed experts on the issue of causation as well as witnesses on the issue of her medical expenses, the motions for summary judgment are DENIED.

3. *Motion to Revise Action and Motion to Substitute Party*

Elzy died on August 2, 2021. Six months later, counsel for Elzy learned of the death and filed a notice of Elzy's death in the record stating that "[n]o estate has been opened for Mr. Elzy, and his survivors have indicated that they have no intention of having one established . . ." [DE 31, 02/28/22 Not. of Death]. The notice of Elzy's death did not include a designation of personal representative Elzy's estate. Elzy's only beneficiary is his daughter, who did not seek to appoint a personal representative to Elzy's estate. [DE 41 at 297]. An Order was entered in Clark Circuit Court in Indiana opening the Estate of Delbert H. Elzy and appointing attorney James F. Guilfoyle as personal representative. [DE 35 at 250, DE 41-1]. Both Sanders and Hartford move to substitute the personal representative of the Estate of Delbert Elzy as defendant in this case. [DE 34, DE 35].

Rule 25 of the Federal Rules of Civil Procedure, which governs the substitution of parties, provides:

> If a party dies and the claim is not extinguished, the court may order substitution of the proper party. A motion for substitution may be made by any party or by the decedent's successor or representative. If the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed.

Fed. R. Civ. P. 25(a)(1).

Rule 17(a) of the Federal Rules of Civil Procedure, which govern the real party in interest and joinder of same as a party, provides:

> (a) Real Party in Interest. (1) Designation in General. An action must be prosecuted in the name of the real party in interest. The following may sue in their own names without joining the person for whose benefit the action is brought:
>
>     (A) an executor;
>
>     (B) an administrator;
>
>     (C) a guardian;
>
>     (D) a bailee;
>
>     (E) a trustee of an express trust;
>
>     (F) a party with whom or in whose name a contract has been made for another's benefit; and
>
>     (G) a party authorized by statute.
>
>     . . .
>
> (3) Joinder of the Real Party in Interest. The court may not dismiss an action for failure to prosecute in the name of the real party in interest until, after an objection, a reasonable time has been allowed for the real party in interest to ratify, join, or be substituted into the action. After ratification, joinder, or substitution, the action proceeds as if it had been originally commenced by the real party in interest.

Fed. R. Civ. P. 17(a)(1), (3).

Elzy objects to Sanders' motion to substitute the personal representative of Elzy's estate as defendant. [DE 36].[7] He argues that because the personal representative was hired and paid by Sanders to open an estate for Elzy and serve as personal representative he has a conflict of interest. Elzy was given notice of the hearing for the appointment in the Indiana court, as was Elzy's daughter and sole beneficiary, and states that he objected at the hearing in the Indiana Circuit Court to appointment of the personal representative arguing the conflict of interest made him an ill-suited representative. *Id.* The Indiana court was not persuaded by Elzy's objection and appointed the personal representative. *Id*.

Elzy argues that the personal representative was retained by Sanders "to help effectuate the revival of this action . . . he has an inherent conflict of interest in serving as a representative for the opposing party." *Id*. Elzy cites no law in support of his objection. Elzy notified this Court and the parties that Elzy's survivors did not intend to open an estate. Elzy cites no law that it was improper for Sanders to have an estate opened as she has an active claim against it. Sanders points out that in Jefferson County, Kentucky, a public administrator is available for appointment, but that in Indiana no such public option exists and a creditor seeking to have a personal representative appointed must contact an individual willing to serve. [DE 41 at 297].

The personal representative at issue has been duly appointed by an Indiana probate court, over Elzy's objection. Federal jurisdiction is premised on 28 U.S.C. § 1332, diversity jurisdiction. Elzy has cited no law that this Court would have jurisdiction to invalidate an order from the Indiana probate court which appointed the personal representative. Nor does Elzy provide an alternative

---

[7] Elzy did not object to Hartford's motion to substitute the personal representative.

successor or representative to be substituted.[8] Had Elzy wanted a different representative, the Court suspects he should have presented an alternative to the probate court in Indiana. In fact, Sanders offered for Elzy to nominate a personal representative of his choosing. [DE 41 at 291]. But he did not; instead, choosing to only object to the personal representative put forth by Sanders. [DE 41 at 297]. This Court has been presented with no authority to hold the duly appointed personal representative is invalid. Hartford does not object to the substitution and has indeed moved for it along with Sanders. In determining the "proper party" for substitution, courts generally look to the "legal representative" of the deceased. *See Sinito v. U.S. Dep't of Justice*, 176 F.3d 512, 516 (D.C. Cir. 1999). Here, a court in Indiana has appointed a personal representative to Elzy's estate. Elzy's objection is overruled and Sanders' and Hartford's motions to substitute the personal representative as defendant is GRANTED.

### III. CONCLUSION

For the reasons above, and being otherwise sufficiently advised, **IT IS ORDERED** as follows:

(1) Defendant Delbert Elzy's Motion for Summary Judgment [DE 19] is **DENIED**;

(2) Defendant Hartford Accident and Indemnity Company's Motion for Summary Judgment [DE 20] is **DENIED**;

(3) Plaintiff Mary Sanders' Motion for Leave to Supplement Expert Disclosures [DE 22] is **GRANTED**;

---

[8] As with Elzy's motion for summary judgment, his objection to the substitution of party smacks of gamesmanship and is not well-received. He objects to the personal representative but put forth no candidate of his own. He cannot have it both ways.

(4) Plaintiff Mary Sanders' Motion for Leave to Revive Action, Substitute Estate and file Amended Complaint [DE 34] is **GRANTED** and the Amended Complaint [DE 34-2] is deemed filed as of the date of entry of this Order;

(5)  Defendant Hartford Accident and Indemnity Company's Motion to Substitute Party [DE 35] is **GRANTED**;

(6) The Estate of Delbert Elzy by and through James F. Guilfoyle, Personal Representative, is substituted as the party in place of Delbert Elzy, and the Clerk of Court is directed to amend Defendant Delbert Elzy's name in the case caption to "The Estate of Delbert Elzy by and through James F. Guilfoyle, Personal Representative."

Rebecca Grady Jennings, District Judge
United States District Court

August 15, 2022